IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deborah Drda Evans, | ) | Civil Action No. 4:13-cv-987-RBH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER ON MOTION TO SEAL** |
| | ) | |
| Quintiles Transnational Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court on the motion of Plaintiff Deborah Drda Evans to file certain exhibits to her response to the defendant's dispositive motion under seal. [ECF No. 63]. The defendant has filed a response indicating that it does not oppose the motion to seal.

The court has reviewed the briefs submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motions to seal until June 2, 2014. If in the interim period any interested party wishes to object to the permanent sealing of the documents at issue, that party may file a notice of appearance and state its objections. In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by June 3, 2014, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this case, as the documents were provided by the United States Nuclear Regulatory Commission with instructions to only provide to the court

accompanied by a motion to seal. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives. The court notes that the government's interest in nondisclosure of such information outweighs the public's right to access to these documents. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006). The confidential and sensitive nature of the information in the documents at issue requires that the documents be sealed. Therefore, the court grants the motion to seal [ECF No. 63] in accordance with the limitations stated herein.

IT IS SO ORDERED.

May 16, 2014                                  s/R. Bryan Harwell
Florence, SC                                  United States District Judge