UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deborah Drda Evans, | ) | Civil Action No.: 4:13-cv-00987-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Quintiles Transnational Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Quintiles Transnational Corp.'s (hereinafter "Quintiles") [Docket Entry #52] motion for summary judgment and [Docket Entry #56] motion *in limine* to exclude expert testimony Plaintiff intends to offer at trial. Plaintiff, Deborah Drda Evans, initially filed this action in state court, which was removed to this Court by Quintiles on April 12, 2013. Plaintiff filed her amended complaint [Docket Entry #16] on August 7, 2013, alleging six causes of action: 1) negligent hiring, retention, and supervision; 2) breach of express employment contract based on a code of conduct; 3) breach of contract implied in law; 4) breach of contract implied in fact; 5) breach of contract accompanied by a fraudulent act; and 6) promissory estoppel. Quintiles has moved for summary judgment as to all causes of action.

The Court held a hearing on the pending motions on March 25, 2015, and ruled from the bench ordering that summary judgment was granted as to Plaintiff's cause of action for negligent hiring, retention, and supervision. The Court ruled that summary judgment was granted in part and denied in part as to Plaintiff's cause of action for breach of employment contract based on the code of conduct altering the at-will status. Specifically, the Court granted summary judgment as to Plaintiff's claim that the employment contract was breached when she was terminated allegedly in

retaliation for communicating a desire to report Gill to human resources after the September 19, 2012 meeting. The Court denied summary judgment, however, as to Plaintiff's claim that the employment contract was breached when she was terminated allegedly in retaliation for raising a good faith concern about the way travel related rebates/commissions were handled and her concerns were allegedly never investigated. The Court denied Quintiles' *Daubert* motion *in limine* without prejudice with leave to refile.

Plaintiff's counsel withdrew the remaining breach of contract causes of action set forth in the amended complaint, i.e. the third, fourth, fifth, and sixth causes of action. The Court ordered defense counsel to draft a proposed order granting in part and denying in part the motion for summary judgment and submit it to Plaintiff's counsel for review. After consultation with Plaintiff's counsel, defense counsel was ordered to submit the proposed order to the Court's email address for proposed orders, harwell_ecf@scd.uscourts.gov. The parties were unable to agree on a proposed order. The Court now issues this written memorandum of opinion drawing from both parties' proposed orders, and summarizing the Court's oral ruling and the basis for it.

I.     Negligent Hiring, Retention, & Supervision

Plaintiff claims that Quintiles negligently hired, retained, and supervised the employee who terminated Plaintiff's employment with Quintiles. Plaintiff claims that Quintiles' alleged negligence resulted in the termination of her employment, not that it resulted in her personal injury. Neither Plaintiff nor Quintiles identified any decision from a South Carolina court in which such a claim has been recognized under the circumstances presented in this case. Likewise, this Court's research has revealed no such authority. Furthermore, assuming that, under South Carolina law, such a claim could be recognized under these circumstances, Plaintiff has failed to offer evidence

sufficient to establish the elements of a negligent hiring, retention, and supervision claim. Accordingly, Quintiles is entitled to summary judgment on Plaintiff's cause of action for negligent hiring, retention, and supervision.

II.     Breach of Contract based on Code of Conduct

Plaintiff's Second Cause of Action in the Amended Complaint is styled "Breach of Express Employment Contract – Code of Conduct" [ECF# 16]. Plaintiff contends that Quintiles' code of conduct, entitled "Doing the Right Thing: Your Resource Guide to Responsible Business Practices" (the "Code of Conduct"), created a contractual right that altered her at-will employment status. Plaintiff further contends that Quintiles breached that contractual right by: (i) terminating her employment in retaliation for her communicating a desire to report Gill *after* a September 19, 2012 meeting; and (ii) terminating her employment in retaliation for raising a good faith concern about the way travel related rebates/commissions were handled.

The record evidence establishes that the decision to terminate Plaintiff's employment was made *before* September 19, 2012. Plaintiff has failed to offer evidence sufficient to establish a claim that Quintiles's Code of Conduct altered her at-will status and created a contract that Quintiles breached by terminating her employment in retaliation for her communicating a desire to report Gill *after* the September 19, 2012 meeting, and Quintiles is entitled to summary judgment on that claim.

As to Plaintiff's claim that Quintiles breached the employment contract by failing to investigate and terminating her employment in retaliation for her raising a good faith concern about the way travel related rebates/commissions were handled, generally, an at-will employee may be terminated at any time for any reason or for no reason, with or without cause, subject to narrow exceptions and prohibitions against illegal discrimination, which are not present here. *Stiles v. Am.*

*Gen. Life Ins. Co.*, 516 S.E.2d 449, 450 (S.C. 1999); *Grant v. Mount Vernon Mills, Inc.*, 634 S.E.2d 15, 19 (S.C. Ct. App. 2006). However, when the at-will status of an employee is altered by the terms of an employee handbook, an employee may bring a cause of action for wrongful discharge based on breach of contract. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005).

"A handbook forms an employment contract when: (1) the handbook provision(s) and procedure(s) in question apply to the employee, (2) the handbook sets out procedures binding on the employer, and (3) the handbook does not contain a conspicuous and appropriate disclaimer." *Grant*, 634 S.E.2d at 20. The South Carolina Supreme Court has held that "a disclaimer appearing in bold, capitalized letters, in a prominent position, is conspicuous." *Hessenthaler*, 616 S.E.2d at 697. In order for a disclaimer to preserve the employee's at-will status, the disclaimer must comply with S.C. Code Ann. § 41-1-110, which provides that

> It is the public policy of this State that a handbook, personnel manual, policy, procedure, or other document issued by an employer or its agent after June 30, 2004, shall not create an express or implied contract of employment if it is conspicuously disclaimed. For purposes of this section, **a disclaimer in a handbook or personnel manual must be in underlined capital letters on the first page of the document and signed by the employee.** For all other documents referenced in this section, the disclaimer must be in underlined capital letters on the first page of the document. Whether or not a disclaimer is conspicuous is a question of law.

S.C. Code Ann. § 41-1-110 (emphasis added). The disclaimer in this case is found on the last page of the document and was not signed by the Plaintiff. As such, the disclaimer is not conspicuous as a matter of law.

The fact that a disclaimer is not conspicuous does not mean the handbook or policy created a contract as a matter of law. Rather, the Court should look to the entire text in resolving the issue. *Hessenthaler*, 616 S.E.2d at 697 (courts should look to whether the "handbook statements and the disclaimer, taken together, establish beyond any doubt tha[t] an enforceable promise either does or does not exist"); *Lingard v. Carolina By-Products*, 605 S.E.2d 545, 548 (S.C. Ct. App. 2004) ("[T]he disclaimer is merely one factor to consider in ascertaining whether the handbook as a whole conveys credible promises that should be enforced. . . [T]he entire handbook, including any disclaimer, should be considered in determining whether the handbook gives rise to a promise, an expectation and a benefit").

"The issue of whether an employee handbook constitutes a contract should be submitted to the jury when the issue of the contract's existence is questioned and the evidence is either conflicting or is capable of more than one inference." *Hessenthaler*, 616 S.E.2d at 697. "In most instances, judgment as a matter of law is inappropriate when a handbook contains both a disclaimer and promises." *Id*. A court should intervene to resolve the handbook issue as a matter of law only when the handbook statements and the disclaimer, taken together, establish beyond any doubt that an enforceable promise either does or does not exist. *Id*.

In this case, after reviewing the statements in the Code of Conduct, along with the disclaimer, this Court cannot say beyond any doubt that an enforceable promise either does or does not exist. *See id*. Accordingly, summary judgment is denied as to Plaintiff's claim that her at-will status was altered by the Code of Conduct and that the resulting employment contract was breached when she was terminated, with no investigation, in retaliation for raising a good faith concern about the way travel related rebates/commissions were handled.

For the reasons stated above, Defendant Quintiles Transnational Corp.'s [ECF #52] motion for summary judgment is **GRANTED in part and DENIED in part**. Quintiles' [ECF #56] motion *in limine* is **DENIED without prejudice with leave to refile**.

IT IS SO ORDERED.

|  |  |
|---|---|
| April 29, 2015 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
|  | United States District Judge |

6